# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

Michael Reeves

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

Federal Bureau of Investigations

(List the full name(s) of the defendant(s)/respondent(s).)

26 CV 1485 ( DEH) ( GS )

## Application for the Court to Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   - [X] I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.
   - [ ] I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.
   - [ ] I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

   See attached

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

I have contacted over 50 law firms to date.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: n/a.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| June 28, 2026 | [signature] |
| Date | Signature |

| | |
|---|---|
| Reeves, Michael D. | |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| 240 W 65th Street, Apt 14E | New York | NY | 10023 |
| Address | City | State | Zip Code |

| | |
|---|---|
| | |
| Telephone Number | E-mail Address (if available) |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES<br>Petitioner,<br>- against -<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>Respondents. | Docket No. 1:26-cv-01485-DEH-GS<br><br>MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR APPOINTMENT OF PRO BONO COUNSEL |

Plaintiff Michael Reeves respectfully submits this memorandum in support of his application for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).

## I. INTRODUCTION

Plaintiff is an indigent, disabled litigant proceeding pro se in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

The Court has granted Plaintiff leave to proceed in forma pauperis and has directed that service be effected upon the Defendant. Plaintiff respectfully submits that the interests of justice would be served by the appointment of counsel, at minimum for limited purposes relating to motion practice, discovery issues if they arise, and review of agency submissions and declarations.

## II. APPOINTMENT OF COUNSEL IS WARRANTED UNDER THE CIRCUMSTANCES

### A. Plaintiff Is Indigent and Disabled w/ Chronic PTSD

Plaintiff proceeds in forma pauperis and lacks the financial ability to retain counsel. Plaintiff also suffers from disabilities that substantially impair his ability to litigate complex federal matters on equal footing with represented parties.

B. FOIA Litigation Presents Specialized Legal Issues

Although FOIA actions are civil proceedings, they involve specialized legal doctrines and procedures concerning agency searches, exemptions, adequacy of declarations, Vaughn indices, and summary judgment practice.

Plaintiff lacks formal legal training in federal FOIA litigation and would face substantial difficulty evaluating the adequacy of agency declarations, identifying deficiencies in agency searches, and responding to dispositive motions.

C. Plaintiff's Ability to Investigate and Present the Case Is Limited

Plaintiff has no formal legal education and limited experience with federal procedural rules governing FOIA litigation.

The issues presented may require analysis of agency record systems, search methodologies, and internal indexing practices that are beyond the ordinary knowledge of a lay litigant.

D. Appointment of Counsel Would Promote Judicial Efficiency

Appointment of counsel would assist the Court and the parties by narrowing disputes, improving the quality of briefing, and facilitating efficient resolution of legal issues.

III. CONCLUSION

In determining whether appointment of counsel is appropriate, courts consider the apparent merit of the claims, the litigant's ability to investigate the facts, the complexity of the issues, and the extent to which appointment would assist in the fair and efficient resolution of the litigation.

Given Plaintiff's indigence, disability, and the specialized nature of FOIA litigation, Plaintiff respectfully requests that the Court exercise its discretion under 28 U.S.C. § 1915(e)(1) to request volunteer counsel to represent Plaintiff in this matter, whether generally or for such limited purposes as the Court deems appropriate.

Dated: June 28 2026

Respectfully submitted,

Michael Reeves
Plaintiff Pro Se

Application denied without prejudice. When deciding motions to appoint counsel, the Court must "first determine whether indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Courts in this Circuit regularly deny motions for the appointment of counsel when "it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims." Herbert v. George, No. 7:24 Civ. 1780 (PMH), 2024 WL 2132488, at *2 (S.D.N.Y. 2024); see also Sexton v. Dep't of Homeless Servs., No. 1:24-CV-8895 (DEH), 2025 WL 1334605, at *9 (S.D.N.Y. May 7, 2025) (denying Plaintiff's motion for appointment of counsel because it was "too early in the proceedings for the Court to assess the merits of Plaintiff's claims"); McClellon v. Lemonade, Inc., No. 1:24-CV-8617 (JPO), 2026 WL 688930, at *2 (S.D.N.Y. Mar. 11, 2026) (same). Accordingly, the Court denies Plaintiff's request for appointment of counsel, without prejudice to his filing another application at a later date in this litigation. SO ORDERD.

Date: August 12, 2026

Gary Stein
United States Magistrate Judge
Southern District of New York