**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL REEVES,<br><br>Plaintiff,<br><br>-against-<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | **26 Civ. 1485 (DEH) (GS)**<br><br>**ORDER** |

**GARY STEIN, United States Magistrate Judge**:

The Court has reviewed Plaintiff's renewed application for appointment of counsel. (Dkt. No. 21). Plaintiff's application is again **DENIED** without prejudice.

Despite Plaintiff's voluminous filings, the circumstances material to Plaintiff's application have not changed. "At the motion to dismiss stage, it is too early to adequately weigh the merits of [Plaintiff's] case. A more fully developed record will be necessary before the Court can determine whether [Plaintiff's] chances of success warrant the appointment of counsel." *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014); *see also Dubose v. Suny Mar. Coll. Off. of Fin. Aid*, No. 24 Civ. 5547 (JLR), 2025 WL 70326, at *1 (S.D.N.Y. Jan. 10, 2025). Defendant has just submitted its motion to dismiss, which has not been briefed. (Dkt. No. 28). Indeed, Plaintiff submitted his renewed application just 18 days after the Court denied his initial application.

Plaintiff's renewed submission relies principally on deposition testimony given by an NYPD police officer on August 25, 2026—after this Court's prior denial of his application for appointment of counsel (Dkt. No. 18)—in what he describes as

a "related federal litigation" concerning his arrest by the NYPD in March 2024. (*E.g.*, Dkt. No. 21 ¶¶ 9–17). But the Court fails to see how this testimony has any significant bearing on the merits of this action, which seeks relief under the Freedom of Information Act. The Court therefore remains unconvinced that the merits of Plaintiff's claim—the most "important factor" in determining whether to appoint pro bono counsel, *see Gaines v. Gaston*, No. 92 Civ. 643 (DNE), 1998 WL 574380, at *6 n.4 (S.D.N.Y. Sept. 8, 1998)—weigh in favor of appointing counsel for Plaintiff in this case.

Plaintiff's argument underscores another important factor weighing against appointment of counsel. Plaintiff has been litigating, *pro se*, the other federal action in which the deposition testimony took place for more than two years, including prevailing (in part) on a motion to dismiss. *See Reeves v. City of New York*, No. 24 Civ. 2408 (NRM) (MMH), 2026 WL 309532 (E.D.N.Y. Feb. 5, 2026).[1] In fact, Plaintiff is quite an experienced *pro se* litigant, having filed more than a half-dozen actions in this District alone, in addition to cases in the Eastern District of New York.[2] Plaintiff himself recognizes that he has "demonstrated an ability to prepare detailed submissions and organize a substantial factual record." (Dkt. No. 21 ¶

[1] Although Plaintiff's renewed application does not identify the case name or number, the Court understands he is referring to the action cited above, which arises from a March 2024 arrest by the NYPD and names as a defendant NYPD Detective Destiny Davila, *see id.* at *1, whom Plaintiff identifies as having given the deposition testimony in question. (Dkt. No. 21 ¶ 10).

[2] In addition to this case and the EDNY case arising from his March 2024 arrest, see *Reeves v. United States*, No. 19 Civ. 8629 (SN); *Reeves v. CMP Consultants, Inc.*, No. 23 Civ. 1308 (JHR) (HJR); *Reeves v. Bondi*, No. 25 Civ. 3403 (LTS); *Reeves v. U.S. Dep't of Justice*, No. 25 Civ. 3405 (LTS); *Reeves v. City of New York*, No. 26 Civ. 930 (VSB) (HJR); *Reeves v. U.S. Dep't of Justice*, No. 25 Civ. 2857 (NRM) (MMH).

431). *See, e.g.*, *Ali v. Governor of Delaware*, 777 F. App'x 584, 589 n.5 (3d Cir. 2019) (affirming district court's denial of motion for appointment of counsel where, *inter alia*, *pro se* plaintiff was "a literate, experienced litigant"); *Andrews v. City of Hartford Human Relations Comm'n*, No. 3:04CV1474 (SRU), 2005 WL 2416106, at *6 (D. Conn. Sept. 30, 2005) (denying application for appointment of counsel by "experienced litigant" who was "intimately familiar with the facts of his case").

Although Plaintiff argues that the relevant question "is not whether Plaintiff can write a motion" (Dkt. No. 21 ¶ 432), the case now stands at the motion to dismiss stage. By his own account, and judging from his litigation history, Plaintiff is equipped to respond to Defendant's motion. It would therefore be premature to appoint counsel for Plaintiff at this time; the issue can be revisited if and when it is determined that his complaint will survive the pleading stage. In addition, although Plaintiff states that the "[s]pecialized [n]ature" of a FOIA proceeding "may" require certain technical analysis (Dkt. No. 21 at 49 (point heading) & ¶¶ 436–37)), that assertion is not, in itself, sufficient to justify a request for counsel, particularly since those technical issues would only be reached if the complaint survives Defendant's motion to dismiss. *See Islam v. Fischer*, No. 07 Civ. 3225 (PKC) (DF), 2008 WL 563462, at *2 (S.D.N.Y. Feb. 27, 2008) (assertion that Plaintiff "does not have the expertise or legal skills" insufficient to justify a request for counsel).

Accordingly, Plaintiff still has not met his burden for appointing counsel, and his reviewed application is therefore **DENIED** without prejudice. The Clerk of Court is respectfully directed to close the motion pending at Dkt. No. 21.

**SO ORDERED.**

Dated: October 16, 2026
New York, New York

The Honorable Gary Stein
United States Magistrate Judge