**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL REEVES,<br><br>Plaintiff,<br><br>-against-<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | **26 Civ. 1485 (DEH) (GS)**<br><br>**ORDER** |

**GARY STEIN, United States Magistrate Judge**:

The Court is in receipt of Plaintiff's emergency motion for a two-year exemption from PACER fees. (Dkt. No. 27). The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See* Electronic Public Access Fee Schedule, ("Fee Schedule") (Dec. 31, 2019), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Beyond certain automatic exemptions established in Paragraph 8 of the Fee Schedule, Paragraph 9 permits courts to grant additional, discretionary exemptions under limited circumstances. *Id.* ¶ 9. "A party seeking a discretionary exemption cannot solely rely on [their] IFP status alone. Instead, the party must demonstrate that an exemption beyond the automatic exemptions is necessary to avoid unreasonable burdens and to promote public access to information." *Waheed v. MLMIC Ins. Co.*, No. 25 Civ. 6504 (LTS), 2025 WL 2987615, at *1 (S.D.N.Y. Sept. 8, 2025) (cleaned up).

Beyond relying on his IFP status and general litigation needs, Plaintiff's motion does not persuasively explain how losing PACER access is necessary to

avoid unreasonable burdens. The Court appreciates that Plaintiff's ability to monitor the docket in this case will be more limited without PACER access. However, as noted by Plaintiff, *pro se* litigants without PACER access receive one free electronic copy of all documents filed electronically via the notice of electronic filing or notice of docket activity. *See* Fee Schedule ¶ 8; (*see also* Dkt. No. 27 ¶ 11). Dockets may also be viewed without charge at courthouse public access terminals. Fee Schedule ¶ 8. Under the automatic exemptions, therefore, Plaintiff has "ample opportunity to conduct research and monitor the developments in his litigation." *Oliva v. Brookwood Coram I, LLC*, No. 14 Civ. 2513 (JMA) (AYS), 2015 WL 1966357, at *2 (E.D.N.Y. Apr. 30, 2015). Plaintiff does not explain how lack of PACER access will create an unreasonable burden for his prosecution of the action in light of the automatic exemptions. *See id.*

Moreover, users seeking to avail themselves of PACER access expressly "'assume responsibility for all fees incurred' and are informed that service may be suspended if 'the amount due is not paid by the due date.'" *Id.* (quoting Policy & Procedures (Aug. 18, 2014), https://www.pacer.gov/documents/pacer_policy.pdf. Based on his submission, Plaintiff apparently has not honored his part of the bargain, and it would have been proper for his access to have been suspended.

Plaintiff's motion is therefore **DENIED**. Nonetheless, the Court recognizes that in light of the change to Plaintiff's PACER access during the course of this action, Plaintiff may not have been able to electronically submit his response to Defendant's motion to dismiss (Dkt. No. 28) within the required time period. (*See*

Dkt. No. 34 at 3). Accordingly, the Court *sua sponte* extends Plaintiff's time to respond to Defendant's motion until November 23, 2026.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 27 and mail Plaintiff a copy of this Order.

**SO ORDERED.**

Dated: October 19, 2026
New York, New York

The Honorable Gary Stein
United States Magistrate Judge