**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL REEVES,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

No. 26 Civ. 1485 (DEH)(GS)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

JAMES M. MCDONALD
United States Attorney
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007
Tel.: (212) 637-2768
Email: kamika.shaw@usdoj.gov

*Attorney for Defendant*

KAMIKA S. SHAW
Assistant United States Attorney
—*Of Counsel*—

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 1

I. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES .......... 1

II. THE LACK OF EXHAUSTION WARRANTS DISMISSAL .......... 4

III. THE COURT CAN PRIOERLY CONSIDER THE HAMMER DECLARATION .......... 5

CONCLUSION .......... 7

## PRELIMINARY STATEMENT

Defendant the Federal Bureau of Investigation ("Defendant" or the "FBI"), by its attorney, James M. McDonald, United States Attorney for the Southern District of New York, respectfully submits this reply memorandum of law in further support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*Pro se* plaintiff Michael Reeves ("Plaintiff") commenced this Freedom of Information Act ("FOIA") action challenging the sufficiency of the FBI's search for records in response to Plaintiff's July 2025 FOIA request. *See* Complaint ("Compl.") ¶¶ 21-24, ECF No. 1. Plaintiff failed to exhaust his administrative remedies, as he never administratively appealed the FBI's response. Plaintiff now argues that he satisfied the exhaustion requirement when he submitted what he characterizes as an appeal to an email address not identified anywhere in the FBI's directions or regulation outlining the process to appeal. Plaintiff's assertions do not save his claims. And as the FBI's supplemental declaration confirms, the email account is not, according to its review, an email account known to the FBI or identified anywhere on the Office of Information Policy's ("OIP") FOIA website, and the agency never received the supposed appeal. Despite Plaintiff's contention otherwise, he failed to administratively appeal, as he did not follow the agency's rules and regulations governing administrative appeals. Because Plaintiff failed to exhaust his administrative remedies, the Court should grant Defendant's motion to dismiss this case, or, in the alternative, the Government's motion for summary judgement.

## ARGUMENT

### I. PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff's central argument is that he administratively appealed the FBI's determination by sending an email attaching a PDF to the email address foiaappeal@usdoj.gov on July 30, 2025. ECF No. 37 ("Pl. Opp.") at 6–7. Plaintiff also tries to point to an email he sent to a number of email addresses, including foiaquestions@fbi.gov, on September 24, 2025, as evidence that he submitted a timely appeal. *Id.* at 8. The subject of the September 24, 2025 email appears to be completely unrelated to Plaintiff's July 24, 2025, FOIA request that forms the basis of this lawsuit. Exhibit E to the Declaration of Shannon R. Hammer dated September 29, 2026 ("Hammer Decl."). Despite Plaintiff's argument to the contrary, neither of these raise any dispute as to whether Plaintiff appealed. Neither of these instances satisfy Plaintiff's exhaustion requirements, nor does he attempt to assert that he followed the applicable procedures.

The FBI's July 29, 2025 letter notifying Plaintiff that it conducted a search of its Central Records Systems pursuant to the agency's standard search policy and did not locate any responsive records enumerated two ways for appealing its determination: by 1) writing to the Director, Office of Information Policy, addressed to United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C.; or 2) submitting an appeal through OIP's FOIA STAR portal. Exhibit B to the Hammer Decl. at 3. These administrative appeal requirements are also enumerated in 28 C.F.R. § 16.8(a). Despite this, Plaintiff chose to send an email to foiaappeal@usdoj.gov. As an initial matter, neither the letter providing instructions nor the regulations outlining the process for appealing indicate that a FOIA requester can submit an appeal by email to the email address Plaintiff used. More importantly, per the FBI's review, it identified no reference to the email address to which Plaintiff claims he sent his appeal on OIP FOIA's website, and OIP confirmed that the email address is not a valid email address known to OIP for submitting appeals. Declaration of Melissa A. Corcoran dated November 9, 2026 ("Corcoran Decl."), at ¶¶ 9–10.

Because Plaintiff failed to follow the relevant agency guidelines outlining how to file an appeal, he has failed to exhaust. "To exhaust administrative remedies, a FOIA requestor must follow relevant agency regulations on administrative appeal." *Magassa v. Transporation Sec. Admin.*, No. Civ. 19-01953 (EGS), 2022 WL 971207, at *4 (D.D.C. Mar. 31, 2022), *aff'd sub nom. Magassa v. Transportation Sec. Admin.*, No. 22-5155, 2023 WL 8826564 (D.C. Cir. Dec. 21, 2023). Agency policies regarding how to file an administrative appeal are not "merely technical requirements." *Gov't Accountability Project v. U.S. Dep't of Just.*, 852 F. Supp. 2d 14, 22 (D.D.C. 2012). Instead, "they are designed to create a uniform and streamlined process to ensure that appeals are received and processed, and the DOJ is entitled to insist that requestors adhere to their strictures." *Id.* (internal quotation marks and quotations omitted). Courts have routinely found that "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust." *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006), *aff'd*, No. 06-5281, 2007 WL 1723362 (D.C. Cir. Mar. 6, 2007). In keeping with this, failure to follow agency procedures for filing administrative appeals routinely, and rightly, results in dismissal. *Gov't Accountability Project*, 52 F. Supp. 2d 14 (D.D.C. 2012) (dismissing a FOIA claim for failure to exhaust administrative remedies where Plaintiff alleged they called an agency official and separately faxed a letter where DOJ's regulations did not provide for a requester to submit an appeal by either method); *Ebling v. U.S. Dep't of Justice*, 796 F. Supp. 2d 52, 66 (D.D.C. 2011) (dismissing FOIA claim for failure to exhaust administrative remedies where Plaintiff faxed, rather than physically mailed, an appeal letter in contravention of Department of Justice regulations, noting that the requirements were "designed to create a uniform and streamlined process to ensure that appeals are received and processed, and the DOJ is entitled to insist that requestors adhere to their strictures.").

## II. THE LACK OF EXHAUSTION WARRANTS DISMISSAL OR ALTERNATIVELY SUMMARY JUDGMENT

Plaintiff correctly notes that exhaustion in FOIA cases is not jurisdictional, but contrary to his argument, failure to exhaust remains an appropriate basis to dismiss his claims. *See Hidalgo v. F.B.I.*, 344 F.3d 1256, 1257 (D.C. Cir. 2003) (concluding that dismissal pursuant to Rule 12(b)(6) was appropriate where Plaintiff failed to exhaust his administrative remedies prior to bringing suit). Failure to exhaust "is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim when the plaintiff fails to comply with procedures for administrative review, denying the agency an opportunity." *Khine v. United States Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 334 (D.D.C. 2018), *aff'd*, 943 F.3d 959 (D.C. Cir. 2019). Though it is not jurisdictional, "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Gov't Accountability Project.*, 852 F. Supp. 2d at 22 (D.D.C. 2012) (internal quotation marks omitted). *Keys v. Dep't of Homeland Sec.,* No. Civ. 08-0726(ESH) (AK), 2009 WL 614755, at *6 (D.D.C. Mar. 10, 2009) ("[T]he failure to administratively appeal an agency's response to a FOIA request ordinarily bars judicial review for failure to exhaust administrative remedies."); *Cole v. Dep't of Just.*, 905 F. Supp. 2d 293, 296 (D.D.C. 2012) ("[C]ourts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.") (internal quotation marks omitted).

As such, exhaustion is "generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo*, 344 F.3d 1256 at 1258 (D.C. Cir. 2003). In the FOIA context, "failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Id.* at 1258–59 (quoting *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 61 (D.C.Cir.1990)). Both conditions are satisfied here. As

noted above, the FBI's administrative scheme expressly requires that requesters submit administrative appeals in either one of two ways enumerated in the regulations. The agency communicated this clearly to Plaintiff on three occasions. *See* Corcoran Decl., ¶¶ 6–8. The second factor also supports dismissal of Plaintiff's instant suit. "Where, as here, an agency has proffered an administrative appeal process or the opportunity for a redo, '[a]llowing a FOIA requester to proceed immediately to court' prematurely 'cut[s] off the agency's power to correct or rethink initial misjudgments or errors.'" *Legal Eagle, LLC v. Dep't of Just.*, No. 24 Civ. 3316 (CRC), 2026 WL 35261, at *7 (D.D.C. Jan. 6, 2026) (quoting *Oglesby,* 920 F.2d at 64 (D.C.Cir.1990)). Here, allowing Plaintiff to proceed would interfere with the FBI's own policies and deprive the agency of an opportunity to, using its expertise and experience, determine if a misjudgment was made in this instance. It would also deprive this Court of a record that "is adequate for judicial review." *Hidalgo*, 344 F.3d at 1259 (D.C. Cir. 2003).

## III. THE COURT CAN PROPERLY CONSIDER THE HAMMER DECLARATION

Plaintiff's argument that the Government's motion to dismiss must fail because the Court cannot consider the Hammer Declaration is unavailing. Contrary to Plaintiff's assertion, the Court may consider the Declaration and documents attached thereto on the government's motion for dismissal pursuant to Rule 12(b)(6) or, in the alternative, on its motion for summary judgment pursuant to Rule 56. First, in deciding a motion to dismiss, the Court may consider, in addition to the pleadings alleged in the complaint, "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Augustin v. Equable Ascent Fin.*, No. 12 Civ. 6069 (CBA) (VMS), 2014 WL 12770208, at *2 (E.D.N.Y. Jan. 30, 2014) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)). Further, "[i]f a document is not incorporated by reference, the Court may nevertheless consider it if it is integral to the complaint."

*Id*. (internal quotation marks omitted). Plaintiff's Complaint relies on the information in the exhibits attached to the Hammer Decl. to allege that he exhausted his administrative remedies, *see* Compl. ¶¶ 6-11. Further, Plaintiff himself includes many of the documents cited in the Hammer Decl. as exhibits to his own complaint. *See* Reeves Compl. Exs. 2–3.

Further, even if the Court were to determine that it cannot consider the Hammer Decl. and accompanying exhibits to adjudicate the Government's motion to dismiss, it can consider these materials on summary judgment, which the Government moves for in the alternative. *See Rus, Inc. v. Bay Indus., Inc.*, 322 F. Supp. 2d 302, 307 (S.D.N.Y. 2003) ("In deciding a motion for summary judgment, the Court may consider 'supporting and opposing affidavits ... made on personal knowledge' that set forth evidence that would be admissible at trial.") (quoting Fed. R. Civ. P. 56(e)). Courts have routinely considered agency affidavits in granting summary judgment in the Government's favor in the FOIA context. *Gov't Accountability Project*, 852 F. Supp. 2d at 21 (D.D.C. 2012) (a court can grant a motion for summary judgment to the Government in the FOIA context "solely on the basis of information provided in affidavits or declarations" where they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.")(internal quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's motion to dismiss the Complaint, or, in the alternative, grant Defendant's motion for summary judgement.

Dated: New York, New York
November 1, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York
*Attorney for Defendants*

By: /s/ *Kamika S. Shaw*
KAMIKA S. SHAW
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: 212-637-2768
Email: kamika.shaw@usdoj.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)**

I, Kamika S. Shaw, an Assistant United States Attorney for the Southern District of New York, certify that the Memorandum of Law in Support of Defendants' Motion to Dismiss conforms to the word count limit set by Local Rule 7.1(c). Local Rule 7.1(c) requires briefs in further support of a motion to not exceed 3,500 words. This brief contains1,889 words.

Dated: November 9, 2026
New York, New York

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: *<u>/s/ Kamika S. Shaw</u>*
KAMIKA S. SHAW
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2768
E-mail: kamika.shaw@usdoj.gov